**LAW OFFICES OF TODD M. FRIEDMAN, P.C.**
Todd M. Friedman, Esq. (SBN: 216752)
tfriedman@toddflaw.com
23586 Calabasas Rd., Suite 105
Calabasas, CA 91302
Telephone: (323) 306-4234
**[Other Counsel on Signature Page]**

*Counsel for Plaintiff*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| WILLIAM MURRY, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL HERNANDEZ and JOHN DOE,<br><br>Defendants. | Case:<br><br>**CLASS ACTION COMPLAINT**<br><br>JURY TRIAL DEMANDED |

## CLASS ACTION COMPLAINT

Plaintiff, William Murry ("Plaintiff"), by counsel, hereby files his Class Action Complaint ("Complaint") against Defendants Michael Hernandez ("Hernandez") and John Doe as follows:

# INTRODUCTION

1. This is an action for statutory damages, punitive damages, attorneys' fees, and costs, brought pursuant to the Fair Credit Reporting Act, 15 U.S.C. §1681, *et seq*. ("FCRA").

2. Plaintiff is an individual and resided in Florida at the time of the subject credit pull. The three national consumer reporting agencies – Equifax, Trans Union, and Experian ("CRAs") – all maintain credit files and issue consumer reports concerning Plaintiff. The information contained in Plaintiff's credit files and consumer reports is private.

3. Plaintiff is a "consumer" and Defendant is a "person" as those terms are defined, or otherwise used, by the FCRA. Defendant Michael Hernandez ("Hernandez") acting individually and/or in concert with some unknown person(s), including but not limited to John Doe ("Doe") (Hernandez and Doe together, the "Defendants"), are each a "user" of consumer reports as that term is used in the FCRA.

4. As set forth below, the Defendants requested and obtained Plaintiff's consumer report, and, upon information and belief, the consumer reports of other consumers similarly situated ("Class" as defined in Paragraph 25 below), from one or more of the CRAs, including Trans Union, without a permissible purpose under

the FCRA (the "Impermissible Inquiry" or "Impermissible Inquiries"). Upon information and belief, the Defendants, acting individually or in concert, requested and obtained such consumer reports for the purposes of marketing debt relief services and/or making real estate investment pitches directly or through others.

5. Trans Union is a consumer reporting agency under the FCRA. Trans Union sold Plaintiff's consumer report, and those of the Class, to the Defendants for profit. Trans Union failed to properly and reasonably vet the Defendants before it began selling consumer reports to them. Trans Union did not have a reasonable basis to believe that the Defendants had a permissible purpose for such consumer reports.

6. As a result of the Defendants' wrongful access to Plaintiff's consumer report, and those of the Class, and the conduct of Trans Union, as described herein, Plaintiff, and the Class, have suffered an invasion of privacy.

7. Plaintiff, and the Class, suffered concrete harm as a result of Defendants' violations of the FCRA.

## **PARTIES, JURISDICTION, AND VENUE**

8. This is a class action brought under Fed. R. Civ. P. 23(a), (b)(1), (b)(3) and (c)(4).

9. Plaintiff presently resides in Yantis, Texas, but resided in Bradenton, Florida when Defendant pulled his credit reports in 2023.

10. At all times material to this action, Defendant Hernandez was a California resident and resided in this District. Upon information and belief, Defendant Hernandez purchased consumer reports from Trans Union from this District and received them into this District.

11. Defendant Hernandez may be served with a copy of this Complaint and accompanying Summons at his address in this District.

12. At all times material to this action, Defendant John Doe was an unknown person(s) with whom Defendant Hernandez worked to request and obtain consumer reports from Trans Union without a permissible purpose under the FCRA.

13. The jurisdiction of this Court is conferred by the FCRA, 15 U.S.C. § 1681(p), and 28 U.S.C. § 1331.

14. Venue lies properly in this District and Division pursuant to 28 U.S.C. § 1391(b)(2).

15. Defendants are subject to the jurisdiction of this Court.

## FACTUAL ALLEGATIONS

16. Plaintiff lived and worked in Florida when Defendants pulled his credit report.

17. On or about December 28, 2023, the Defendants, acting alone or in concert, requested and obtained Plaintiff's consumer report from Trans Union. A copy of the relevant section of Plaintiff's Trans Union credit file reflecting the request made by the Defendants is attached hereto as **Exhibit A**. The Defendants requested and obtained Plaintiff's consumer report for a so-called "promotional" offer of credit. Upon information and belief, the Defendants obtained consumer reports on the other members of the Class. In the alternative, the Defendants obtained one or more prescreened lists from Trans Union and/or the other CRAs concerning Plaintiff and the Class. Under the FCRA, such prescreened lists constitute consumer reports.

18. At the time the Defendants requested and obtained Plaintiff's consumer report, and the consumer reports of the Class, Plaintiff, and the Class: (a) had not applied for credit with the Defendants nor initiated any credit or business transaction involving the Defendants; (b) had not applied for employment with the Varro Defendants; (c) had not applied for insurance with the Defendants; (d) had not authorized the Defendants to request and obtain their consumer reports for any

reason; (e) did not have any open and/or closed accounts with the Defendants; and (f) did not thereafter receive any firm offers of credit from the Defendants. The Defendants had no permissible purpose under Section 1681b of the FCRA to obtain the consumer reports of Plaintiff and/or the Class.

19. Upon information and belief, the Defendants represented to Trans Union that they had a permissible purpose under Section 1681b(a) of the FCRA to request and obtain Plaintiff's consumer report, and the consumer reports of the Class.

20. The Defendants, acting alone or in concert, violated the FCRA by requesting and obtaining Plaintiff's consumer report, and the consumer reports of the Class, without a permissible purpose under the FCRA.

21. Other consumers have taken to consumer review websites, such as www.yelp.com,[1] to complain about Defendants' illegal activity:




[1] https://www.yelp.com/biz/varro-leon-emeryville (last accessed Sept. 3, 2024).

**Diane C.**
Fairbanks, AK
0 2

May 30, 2024

This company pulled my credit report without prior authorization for promotional purposes. I have not had contact with this realtor in any way. I see that this company has pulled other peoples reports recently. I am concerned about this because I have an fraud alert on one of my bank card accounts and I was notified that my SS number is on the Dark Web. Is this where Varro Leon is getting the info to pull peoples' credit reports.
I would not do business with this company. Something not right about them.

**Billing P.**
San Francisco, CA
0 1

Jun 24, 2024

found this person on my credit reports. i have never had any dealings with this person, nor have i asked for any type of services from them. sounds rather sketchy to me.

**Charles O.**
Boulder City, NV
0 3

May 14, 2024

First to Review

Ran my credit for some reason Have never talked to these people, not sure why they did this. In fairness, it was a promotional inquiry but seems abusive since I never contacted this company

22. Trans Union entered into an agreement with Defendant Hernandez, purporting to be an officer of Varro Leon, in 2023 ("Agreement") under which Trans Union sold consumer reports to Defendants. The Agreement was signed by Defendant Hernandez on behalf of Varro Leon, a d/b/a of his friend Wayne M. Lopez. Defendant Hernandez listed himself as the C.O.O. and a Partner of Varro. Defendant Hernandez was not a C.O.O. or a Partner of Varro.

23. Before it entered into the Agreement with Defendant Hernandez and started providing consumer reports to Defendant Hernandez, Trans Union did not conduct an onsite visit to the place of business listed in the Agreement. Before it entered into the Agreement with Defendant Hernandez, Trans Union did not contact the owner of Varro Leon – Wayne M. Lopez. Before it entered into the Agreement with Defendant Hernandez, Trans Union did not ask Mr. Hernandez for a copy of his business license. Before it entered into the Agreement with Defendant Hernandez, Trans Union did not confirm with Mr. Lopez that Mr. Hernandez was, in fact, the Chief Operating Officer and/or a partner of Varro Leon. Trans Union negligently and recklessly failed to properly vet Varro Leon and Defendants before it sold them consumer reports on Plaintiff and the Class, allowing Defendants to obtain access to confidential consumer credit information.

24. As a result of Defendants' violations of the FCRA, Plaintiff was required to retain legal counsel to assist him.

**CLASS ALLEGATIONS**

25. Plaintiff brings this action, individually and on behalf of all similarly situated individuals, as members of the following class:

> All consumers within the United States for whom the Defendants requested and obtained a consumer report on such consumer from Trans Union within the two years

prior to the filing of the Complaint through the conclusion of this case.

26. The Plaintiff is a member of this Class. Specifically excluded from the Class are the following: (1) Defendants and any entity in which either has a controlling interest, and the officers, directors, employees, affiliates, legal representative, heirs, successors, subsidiaries, and/or assigns of any such individual or entity; and (2) any judge or judicial officer with responsibility over the management or resolution of this litigation and members of any such individual's immediate family.

27. The members of the Class are so numerous that joinder is impracticable. Based upon information and belief, and the allegations above about Defendants' use or sale of consumer reports without a permissible purpose, numerous consumers have been victims of Defendants' violations of the FCRA.

28. Common (identical) questions of law and fact predominate over any questions solely affecting individual Class members. Among such common questions of law and fact are the following:

A. Whether Defendants have systematically engaged in the long-term illegal practice of accessing, selling and/or misusing consumer credit reports without a permissible purpose under the FCRA.

B. Whether Defendants knowingly and/or negligently accessed and/or sold the Class members' consumer credit reports without a permissible purpose under the FCRA.

C. Whether the Defendants knowingly and/or negligently resold the Class members' consumer reports to third parties that lacked a permissible purpose for them under the FCRA.

29. Plaintiff's individual claims are typical of the respective Class members' claims because the claims all share the same legal basis for recovery, the same predicate facts to liability, and the same basic relief sought. The Class claims are, in fact, identical.

30. Plaintiff will fairly and adequately protect the interests of the Class members. Plaintiff has no interest antagonistic to those of other Class members, and Plaintiff has retained attorneys experienced as counsel in class actions, consumer protection, and complex litigation. These attorneys will vigorously prosecute the class claims.

31. A class action is superior to the other available methods for the fair and efficient adjudication of this controversy for at least the following reasons, among others:

A. Given the small size of individual Class members' claims (between $100 and $1000 in statutory damages) and the expense of litigating those claims (the cost of filing individual suit would likely exceed $100), few, if any, Class members could afford to, or would seek, legal redress individually for the wrongs Defendants have committed against them, and absent class members have no substantial interest in controlling the prosecution of individual actions. No such individual actions in California are known to be pending as of the date of filing this Complaint.

B. When the liability of Defendants has been adjudicated, claims of all Class members can be administered efficiently and/or determined by the Court. This conclusion follows from, among other facts, the fact that all class members assert identical claims under the FCRA and seek identical relief. Moreover, the Class consists of a definite group of consumers over a finite period of time, making the efficient administration of claims post-certification and/or trial.

C. Based on these same facts, among others, the Class action will promote an orderly and expeditious administration and adjudication of this dispute. This class action will foster economies of time, effort, and resources. This class action will ensure uniformity of decisions. It is therefore desirable to concentrate

the claims as a class action in this forum. Otherwise, numerous consumers whom Defendants mistreated under the FCRA will go without legal remedy.

D. Without this class action, the Class members will continue to suffer harm, and Defendants' unlawful conduct will be unaccounted for while Defendants continue to reap benefits of their unlawful activity.

32. No difficulty will be encountered in the management of this litigation that would preclude its maintenance as a class action. Indeed, those harmed by Defendants can be readily identified through business records, including the very prescreened consumer lists and/or consumer reports at issue. Similarly, the proposed Class is objectively ascertainable by definite time, limited geography, and specific reference to records maintained by Defendants. Notice and claims administration can therefore be managed efficiently and accurately.

33. The prosecution of separate actions by or against individual members of the Class would create the risk of (i) inconsistent or varying adjudications with respect to individual members of the Class, which could establish incompatible standards of conduct for the party opposing the Class; and/or (ii) adjudications with respect to individual members of the Class that would, as a practical matter, be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests. Notice can

be provided to members of the Class by regular U.S. Mail, among other means that satisfy due process and practical concerns.

## **COUNT ONE:**

### **Defendants' Willful Violations of the FCRA**

34. Plaintiff restates each of the allegations in the preceding paragraphs as if set forth herein.

35. The Defendants willfully violated the FCRA by knowingly, or recklessly, requesting and obtaining Plaintiff's consumer report, and those of the Class, without a permissible purpose set forth in Section 1681b of the FCRA.

36. As a result of Defendants' willful violations of the FCRA, Plaintiff, and the Class, have been damaged as set forth above including invasion of their privacy.

37. Pursuant to 15 U.S.C. § 1681n, Defendants are liable to Plaintiff and the Class for damages as set forth above and, in an amount, to be determined by the jury.

38. Pursuant to 15 U.S.C. § 1681n, Defendants are liable to Plaintiff and the Class for statutory and punitive damages as a result of its willful violations of the FCRA.

39. Pursuant to 15 U.S.C. § 1681n, Defendants are liable to Plaintiff and the Class for his reasonable attorneys' fees and costs.

**COUNT TWO:**

**Defendants' Negligent Violations of the FCRA**

40. Plaintiff restates each of the allegations in the preceding paragraphs as if set forth herein.

41. The Defendants violated the FCRA by negligently requesting and obtaining Plaintiff's consumer report, and those of the Class, without a permissible purpose set forth in Section 1681b of the FCRA.

42. As a result of Defendants' negligent violations of the FCRA, Plaintiff, and the Class, have been damaged as set forth above including invasion of their privacy.

43. Pursuant to 15 U.S.C. § 1681o, Defendants are liable to Plaintiff and the Class for damages as set forth above and, in an amount, to be determined by the jury.

44. Pursuant to 15 U.S.C. § 1681o, Defendants are liable to Plaintiff and the Class for his reasonable attorneys' fees and costs.

WHEREFORE, Plaintiff requests that this Court:

a. Appoint Plaintiff's counsel as counsel for the Class;

b. Appoint Plaintiff as representative for the class;

c. Certify the Class;

d. Enter judgment in favor of Plaintiff and the Class for actual damages, statutory damages, punitive damages, attorney's fees and costs; and,

e. Award such other relief to Plaintiff and the Class as the Court may deem just and proper.

**TRIAL BY JURY IS DEMANDED.**

Dated: December 18, 2025.

Respectfully submitted,

By: **/s/ Todd M. Friedman**
Todd M. Friedman
**LAW OFFICES OF TODD M. FRIEDMAN, P.C.**

John A. Love*
**LOVE CONSUMER LAW**
2500 Northwinds Parkway
Suite 330
Alpharetta, GA 30009
(tel.) 404.855.3600
(fax) 404.301.2300
tlove@loveconsumerlaw.com

Max S. Morgan, Esquire*
**THE WEITZ FIRM, LLC**
1515 Market Street, #1100
Philadelphia, PA 19102
Tel: (267) 587-6240
Fax: (215) 689-0875
max.morgan@theweitzfirm.com

Seth M. Lehrman
CA Bar #178303
**LEHRMAN LAW**
622 Banyan Trail, Suite 200
Boca Raton, FL 33431
Telephone: 754-778-9660
Facsimile: 954-281-8426
seth@lehrmanlaw.com

**Pro Hac Vice* to be filed

*Counsel for Plaintiff*